## Redford and Garrison v. Burley Tobacco Growers' Co-Operative Association.

(Decided November 11, 1924.)

### Appeal from Barren Circuit Court.

Agriculture—Co-operative Association Held Entitled to Delivery of Crop, though it Refused to Advance Money, and Crop was Mortgaged to Another.—Under marketing agreement providing that if grower placed mortgage on crop co-operative association had right to take delivery of tobacco, and pay off all or part of mortgage, and charge grower's account, held that association was entitled to delivery of crop, though it refused to take mortgage or advance money, and crop was mortgaged to a third party.

J. R. WHITE for appellants.

J. WOOD VANCE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellee, Burley Tobacco Growers' Co-operative Association, commenced this action in the Barren circuit court against appellant, Garrison, a member of the association, to obtain an order of injunction restraining Garrison from selling, hauling or delivering his crop of tobacco to any person or persons whomsoever, except the association, and praying that on final hearing the injunction be made perpetual and a mandatory order be

granted commanding defendant to deliver his tobacco to the association in performance of his contract with that body.

Appellant Redford filed his intervening petition, praying to be made a party, and averring that Garrison was indebted to him in the sum of $300.00, evidenced by note secured by mortgage on the crop of tobacco in question. He prayed the enforcement of his mortgage lien against the tobacco association for a sale and satisfaction of his lien. The petition also contains grounds for a specific attachment which was sued out and levied on the tobacco covered by the mortgage. In answer to plaintiff's petition he denied that by reason of the pool agreement executed by Garrison, the association is or was entitled to a delivery of the tobacco as prayed in its petition, and denied an injunction should be granted to the association.

Shortly after Redford filed his intervening petition appellant Garrison filed an answer whereby he admitted he signed the marketing contract with the plaintiff association, but denied that the association was entitled to the possession of the tobacco mentioned and described in the petition, and denied that it was entitled to the injunction or that he, Garrison, should be enjoined from the sale of the tobacco. He also set up and relied on the 13th section of the printed marketing agreement, reading as follows:

"(c) If the grower places a crop mortgage upon any of his crops during the term hereof, the association shall have the right to take delivery of his tobacco and to pay off all or part of the crop mortgage for the account of the grower and to charge the same against him individually,"

as a defense. He also averred in his answer that he offered to mortgage his crop to the association but that the association declined to take the mortgage; that he then informed the officers of the association that he would mortgage it to appellant Redford; that by its refusal to advance appellant money on his tobacco crop he was released from his obligation to deliver the tobacco to the association.

The trial court sustained a general demurrer to the intervening petition of appellant Redford and also to the answer of defendant Garrison, and when they declined

to further plead, rendered judgment against them enjoining the defendant Garrison from selling or delivering his tobacco to anyone outside of the pool, and dismissing Redford's intervening petition. It is from that judgment this appeal is prosecuted.

The correctness of the trial court's ruling depends upon the correct interpretation of that part of the 13th clause of the marketing agreement, copied above. The grower may place a crop mortgage upon his tobacco, but if he does so he must, according to the agreement, notify the association prior to the making of such mortgage. The association, if it deems proper, will advise and assist the grower in making such mortgage, but it is not required to do so. If, however, the grower places a crop mortgage during the term of the association's agreement, the association shall have the right to demand and take delivery of his crop, notwithstanding the mortgage to a third party, and this right is not made to depend upon the associaton advancing money to the grower on his crop or on the association accepting a mortgage from the grower. The association is under no obligation except, in proper cases, to pay off all or any part of a mortgage contracted by the grower, but it has the unqualified right to demand and take delivery of his tobacco crop so long as he remains a member of the association. Mere tender by appellant Garrison of his tobacco to the association to secure a mortgage lien does not relieve him from his obligation to deliver the tobacco to the association according to his agreement, even though the association declined to advance him money or to accept the mortgage. To place the construction upon the clause of the contract which appellants insist should be given it would render the whole contract unenforceable and a nullity, for any grower might evade the delivery of his tobacco to the association by merely asking a loan upon the tobacco and having it refused.

We are of opinion that the lower court properly construed the contract and committed no error in sustaining a general demurrer to the answer of appellant Garrison and the intervening petition of Redford.

Judgment affirmed.